# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-1267V

| | |
|---|---|
| ERIC J. TRAIGER,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: February 6, 2025 |

*Kenneth W. Thayer, III, Brandon J. Broderick, Attorney at Law, LLC, Ewing, NJ, for Petitioner.*

*Shelly Jock, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

        On August 8, 2023, Eric J. Traiger filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccination administered to him on October 6, 2020. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, he suffered sequela of his injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for his vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On November 18, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for his GBS. ECF No. 23. On February 6, 2025, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $160,000.00 in pain and suffering. Proffer at 1, ECF No. 26. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *See id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $160,000.00 for pain and suffering, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| ERIC J. TRAIGER,  )<br>  )<br>Petitioner,  )<br>  )<br>v.  )<br>  )<br>SECRETARY OF HEALTH AND HUMAN  )<br>SERVICES,  )<br>  )<br>Respondent.  )<br>  ) | No. 23-1267V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On August 8, 2023, Eric Traiger ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging a Vaccine Injury Table injury of Guillain-Barre Syndrome ("GBS") following an influenza ("flu") vaccine administered on October 6, 2020. Petition at 1. On November 14, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury, and on November 18, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 22; ECF No. 23.

**I.    Compensation**

Respondent proffers that petitioner should be awarded $160,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.   Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a

lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1] a lump sum payment of $**160,000.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

                                                 Respectfully submitted,

                                                 BRETT A. SHUMATE
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON.
Assistant Director
Torts Branch, Civil Division

/s/ Shelly Jock
SHELLY JOCK
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-3155
shellyjock@usdoj.gov

DATED: February 5, 2025

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2