# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-1267V

| | |
|---|---|
| ERIC J. TRAIGER,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: November 17, 2025 |

*Kenneth W. Thayer, III, Brandon J. Broderick, Attorney at Law, LLC, Ewing, NJ, for Petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 8, 2023, Eric J. Traiger filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered from Guillain-Barré syndrome as a result of an influenza vaccination administered to him on October 6, 2020. Petition, ECF No. 1. On February 6, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 27.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $32,890.85 (representing $32,150.00 in fees plus $740.85 in costs). Motion for Attorney's Fees, filed on August 18, 2025. ECF No. 33. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 34.

Respondent reacted to the motion on August 19, 2025, reporting that he is satisfied the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-4, ECF No. 35. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the hourly rate of $475.00 for work performed in 2020-25 by attorney Kenneth W. Thayer. ECF No. 33 at 1. But this rate exceeds what has previously been awarded to Mr. Thayer for the given timeframe.

Mr. Thayer was previously awarded the following rates: $410.00 for 2020, $420.00 for 2021, $435.00 for 2022, $450.00 for 2023, and $475.00 for 2024. See *Falconico v. Sec'y of Health & Hum. Servs.,* No. 17-1510V, 2020 WL 1893547 (Fed. Cl. Spec. Mstr. Mar. 20, 2020); *Hicks v. Sec'y of Health & Hum. Servs.,* No. 19-621V, 2021 WL 1827321 (Fed. Cl. Spec. Mstr. Apr. 5, 2021); *Osborn v. Sec'y of Health & Hum. Servs.,* No. 20-555V, 2021 WL 6502154 (Fed. Cl. Spec. Mstr. Dec. 14, 2021). *See Dorman v. Sec'y of Health & Hum. Servs.,* 19-444V, 2021 WL 3469199 (Fed. Cl. Spec. Mstr. Jul. 6, 2021) and *Thomas v. Sec'y of Health & Hum. Servs.,* 22-882V, Slip Op. 37 (Fed. Cl. Spec. Mstr. March 17, 2025).

I find no reason to deviate from these reasoned determinations and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs*., No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). **Application of these rates reduces the amount of fees to be herein by $2,101.00.**[3] For work performed in 2025, I find Mr. Thayer's proposed rate of $475.00 appropriate and is hereby awarded. And all other time billed to the matter shall be awarded.

To avoid a curtailed award in future cases, it is incumbent upon counsel to submit billing records reflecting the hourly rates previously awarded for his work in the Vaccine Program. Additionally, billing records should clearly identify the name of each person providing a service and their hourly rate for every line entry. Failing to identify the name of the person billing for a service *per each line entry* frustrates the Court's ability to determine the reasonableness of the overall request. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 76. (emphasis added).[4]

---

[3] This amount is calculated as follows: ($475.00 - $410.00 = $65.00 x 2.50 hrs. billed in 2020) + ($475 - $420.00 = $55.00 x 14.20 hrs. billed in 2021) + ($475.00 - $435.00 = $40.00 x 19.00 hrs. billed in 2022) + ($475.00 - $450.00 = $25.00 x 15.90 hrs. billed in 2023) = $2,101.00.

[4] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 33 at 8-12. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$30,789.85 (representing $30,049.00 in fees plus $740.85 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.